IN THE UNITED STATES DISTRICT COURT FOR THE

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:07CR274 |
| | ) | |
| QUANIS L. PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S POSITION REGARDING SENTENCING FACTORS

The United States Attorney for the Eastern District of Virginia, by and through the undersigned Assistant United States Attorney, files this Position Regarding Sentencing Factors as follows:

**GOVERNMENT'S POSITION REGARDING SENTENCING FACTORS**

**A.     PSR Calculations and Upward Departure Agreement:**

The PSR calculates the adjusted offense level as 4 with a Criminal History Category of III, yielding a guideline range of 0-6 months (Zone A).  That calculation aside, the parties have reached an agreement for an upward departure of 9 levels based on underlying facts in this case that were not adequately taken into account by the Sentencing Guidelines.  The upward departure arrangement is contained in PHILLIPS' Plea Agreement and provides as follows:

> Pursuant to USSG § 5K2.0 and 18 U.S.C. § 3553(b)(1), the parties agree that the underlying facts relating to the victimization and execution of pit bull dogs as described in the Statement of Facts creates aggravating circumstances not adequately taken into account by the Sentencing Commission in formulating the guidelines and that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), an upward departure is necessary in this case to achieve the statutory purposes and goals of sentencing in this case.  Therefore, pursuant to Rule 11(c)(1)(B), the parties agree that an upward departure to a base offense level of 15 is warranted in this case, and, following Acceptance of Responsibility credit pursuant to USSG § 3E1.1, an adjusted offense level of 13.  The parties agree that neither side will move for departure above or below that offense level, except as contemplated by paragraph 13

of this agreement. The government agrees to recommend sentencing at the low end of the applicable guideline range, provided the defendant fulfills his obligations under this plea agreement. The defendant understands that this agreement is merely a recommendation and is not binding on the sentencing judge.

*Phillips' Plea Agreement*, ¶ 2. If this Court accepts the upward departure agreement, the adjusted offense level will be 13 with a Criminal History Category of III, yielding a guideline range of 18-24 months.

The government respectfully requests this Court to honor the parties' 9-level upward departure request. Although such a departure is extensive and elevates PHILLIPS' exposure from probation to a mandatory term of imprisonment, the government believes the enhanced sentence is warranted in light of the unique facts of this case. PHILLIPS' Statement of Facts and the PSR detail the defendant's participation in the "Bad Newz Kennels" (BNK) animal fighting operation from in or about 2001 through 2007. BNK was based at the 1915 Moonlight Road residence in Surry County, Virginia, which served as the main staging area for the operation. The number of pit bulls kept at 1915 Moonlight Road grew over the years from over one dozen to at least 54 pit bulls in April 2007. BNK collected and trained these dogs for participation in dog fights against other kennels up and down the east coast. During the time frame of the conspiracy, PHILLIPS and the other BNK members sponsored pit bulls in fighting events occurring in Virginia, North Carolina, South Carolina, Maryland, New Jersey and other states. These fights were brutal – the opposing dogs would engage in a bloody battle while the kennel owners and other spectators watched from safe vantage points around the "pit." At various times, some of the BNK dogs that were deemed to be poor fighters by the defendant and his cohorts were executed. The most violent episode occurred in April 2007 when PHILLIPS, PURNELL PEACE, and MICHAEL VICK executed approximately 8 dogs that performed poorly in testing sessions. All of these facts, which are explained in greater detail in the PSR, warrant and support the upward departure contained in the plea agreement. The

government believes the contemplated upward departure would serve the ends of justice and the sentencing factors outlined in 18 U.S.C. § 3553(a).

**B.     Phillips' Criminal History:**

The PSR correctly calculates a Criminal History Category of III based on PHILLIPS' prior convictions. The defense has filed a motion arguing that Category III overstates PHILLIPS' criminal history and requesting a downward departure to Category I. Upon review of PHILLIPS' criminal history, the government agrees with the defendant's position in part and requests a reduction to Category II.

PHILLIPS' criminal history includes two prior Underage Possession of Alcohol convictions from 1999 that contributed one point each to the criminal history calculation. The defendant also received two additional points for committing the instant offense while under a criminal justice sentence in two separate cases where supervision was imposed on May 22, 2001 (Possession of Marijuana) and July 3, 2002 (Criminal Trespass). With the final total of six points, PHILLIPS fell into Category III. The facts and circumstances of PHILLIPS' misdemeanor criminal history do not appear to warrant a Category III designation. For the reasons outlined in PHILLIPS' Motion for Downward Departure, the government believes the criminal history calculation overstates PHILLIPS' criminal history by <u>one category</u> and believes he should be sentenced under Category II. A departure below Category II is not warranted in light of the defendant's entire criminal record. In the event this Court grants the upward departure and reduces PHILLIPS' Criminal History Category to II, the resulting guideline range is 15-21 months.

**C.     Sentencing Recommendation:**

PHILLIPS has fulfilled his obligations under the plea agreement. In accordance with the agreement contained in paragraph 2 of the plea agreement, the government will recommend a sentence at the low end of the applicable guideline range calculated by this Court.

> Respectfully submitted,
>
> CHUCK ROSENBERG
> UNITED STATES ATTORNEY
>
>           /s/
> Michael R. Gill
> Assistant United States Attorney
> Attorney for the United States
> United States Attorney's Office
> 600 East Main Street, Suite 1800
> Richmond, Virginia 23219
> Phone: 804/819-5400
> Fax: 804/771-2316
> Email: mike.gill@usdoj.gov

CERTIFICATE OF SERVICE

        I hereby certify that on the 26th day of November, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Franklin A. Swartz
Jeffrey A. Swartz
150 Boush Street, Suite 800
Norfolk, Virginia 23510
Emails: ssawyer@rstsg.com and jswartz@rstsg.com

     In addition, a copy of the foregoing was served on Senior United States Probation Officer Susan A. Newlen, 1100 East Main Street, Room 205, Richmond, Virginia 23219.

                                              /s/
                                       Michael R. Gill
                                       Assistant United States Attorney
                                       Attorney for the United States
                                       United States Attorney's Office
                                       600 East Main Street, Suite 1800
                                       Richmond, Virginia 23219
                                       Phone: 804/819-5400
                                       Fax: 804/771-2316
                                       Email: mike.gill@usdoj.gov